

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Afsaan Saleem
*Senior Counsel*
Tel.: (212) 788-9580
Fax: (212) 788-9776



January 11, 2008

BY HAND DELIVERY
Honorable Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Robert Kalfus v. The New York and Presbyterian Hospital,
07 CV 11455 (DAB) (DFE)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department. I am writing to respectfully request a 60 day enlargement of time, from January 10, 2008 to March 10, 2008 to interpose an answer on behalf of the City of New York ("City") and for Lieutenant Eugene Whyte ("Lieut. Whyte"), to answer or otherwise respond to the complaint. This request for an extension is the City's first. Plaintiff's counsel has consented to a 30 day extension of time.

      From the Docket Sheet, it appears that the City was served with the summons and complaint on December 21, 2007 and that the City's answer is past due, as it was due yesterday. We apologize for this fact. With the holiday season, the limited staffing during that time and the unusually large number of complaints received by this office during that time, this case only came to my attention today. As the Docket Sheet indicates service was effected on Lieut. Whyte on January 8, 2008, the request for him is still timely. We respectfully request that the court grant this extension of time so that we can investigate service and resolve representational issues as to this officer.

      There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff Robert Kalfus alleges that he was falsely arrested for trespass and resisting arrest. Plaintiff also alleges that he was maliciously prosecuted insofar as the prosecution allegedly moved to dismiss the case against the plaintiff and all charges were dismissed. Accordingly, it is necessary for defendant City of New York and Lieut. Whyte to acquire as much information as possible concerning this matter in order to

properly assess the case and respond to the complaint. To that end, this office is in the process of forwarding to plaintiffs for execution a N.Y.C.P.L. §160.50 release so that we can access the sealed records from his underlying criminal prosecution.

Before this office can adequately respond to the complaint, we will need to conduct an investigation into service and representation issues as to this officer. The enlargement will allow us to ascertain whether Lieut. Whyte has been properly served. If service has been properly effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent him. Lieut. Whyte must then each decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the City's and Lieut. Whyte's time to answer or otherwise respond to the complaint be extended until March 10, 2008.

*granted*
*DAB*
*1/17/08*

Thank you for your consideration in this regard.

Respectfully submitted,

Afsaan Saleem (AS 2012)
Senior Counsel
Special Federal Litigation Division

cc:   BY FAX
O. Andrew F. Wilson
Emery Celli Brinckerhoff & Abady, LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019

**SO ORDERED**

*Deborah A. Batts*   1/17/08
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

2