RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
ILANN M. MAAZEL
ERIC HECKER
MARIANN MEIER WANG
SARAH NETBURN
KATHERINE ROSENFELD
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KENNISHA A. AUSTIN

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10019

TELEPHONE
(212) 763-5000
TELECOPIER
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com



January 14, 2008

**By Hand**

Hon. Deborah A. Batts
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2510
New York, New York 10007-1312

    Re:    *Robert Kalfus v. The New York and Presbyterian Hospital et al.*,
           07 Civ. 11455 (DAB) (DFE)

Your Honor:

       Our firm represents plaintiff Robert Kalfus in the above-captioned action and we write in response to defendant City of New York's letter to Your Honor of January 11, seeking a 60-day extension to answer the Complaint. While we have consented to a thirty-day extension, there is no justification for the additional thirty days they seek. And, regardless of the outcome of defendants' request, we respectfully request the Court to direct the parties to hold their Rule 26(f) conference to allow the commencement of discovery.

       Our firm litigates many police misconduct cases against the City – and in every case, the City requests this sixty-day extension. Given that the Federal Rules require litigants to respond to complaints within twenty days, it is not clear why the City should routinely receive four times as much time as all other litigants to respond. The Federal Rules, judicial economy, and the plaintiff's interest in the speedy and efficient resolution of his claims all militate against creating a *de facto* municipality exception to the Federal Rules. The thirty-day extension granted by plaintiff to defendants here – giving them fifty days to respond – is more than adequate. Nor is there anything about this straightforward complaint – brought by a single plaintiff for excessive force and related misconduct – to necessitate such a large extension request.

       The City tries to justify its request for a two-month delay on the grounds that it needs to (i) conduct factual inquiries (including "forward[ing] to plaintiff" a § 160.50 release); (ii) determine adequacy of service on Lt. Whyte; and then (iii) resolve representation issues.

MEMO ENDORSED

These are the arguments the City routinely uses to extend the period of time before mutual discovery begins while it conducts its own, unilateral, "investigation," only to then serve the same *pro forma* answer denying information sufficient to form a belief as to the accuracy of the plaintiff's allegations. The City is already in default in its answer. And it has not yet served the proposed criminal records release on plaintiff that it tries to use as an excuse for further delay. Nothing in this Complaint separates this case from any other where a defendant must answer allegations to the best of its knowledge in the time allotted by the Federal Rules. The City does not need two months of additional time to determine whether it will represent Lt. Whyte and it should be required to move its internal process with more speed.

Accordingly, plaintiff requests that the Court grant defendants no more than a thirty-day extension to respond to the Complaint.

Finally, regardless of the outcome of defendants' request for a sixty-day extension, plaintiff respectfully requests that the Court direct the parties to undertake a Rule 26(f) conference within the next 30 days.

*denied*
*DAB*
*1/17/08*

Respectfully Submitted,

O. Andrew F. Wilson (OW 5062)

cc: Asfaan Saleem, Esq. (*by fax*)
  Kenneth J. Kelly, Esq. (*by fax*)

**SO ORDERED**

Deborah A. Batts
DEBORAH A. BATTS 1/17/08
UNITED STATES DISTRICT JUDGE