UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ROBERT KALFUS,

                      Plaintiff,

           -against-

THE NEW YORK AND PRESBYTERIAN HOSPITAL;
SPECIAL PATROLMAN SERGEANT STEVEN
RODRIGUEZ, SPECIAL PATROLMAN ARNOLD
PALMER; SPECIAL PATROLMEN JOHN DOES # 1-4;
THE CITY OF NEW YORK; LIEUTENANT EUGENE
WHYTE; NEW YORK CITY POLICE OFFICERS
JOHN DOES # 5-8,

                      Defendants.
------------------------------------------------------------ x

No. 07 CV 11455(DAB)

**ANSWER**

       Defendants The New York and Presbyterian Hospital ("NYPH"), Steven Rodriguez and Arnold Palmer (collectively, the "Hospital Defendants"), by their attorneys, Epstein Becker & Green, P.C., state as follows for their answer to the complaint;

       1.      The Hospital Defendants deny the allegations contained in paragraph 1 of the complaint and respectfully refer the Court to the complaint for its contents.

       2.      The Hospital Defendants deny the allegations contained in paragraph 2 of the complaint.

       3.      The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

       4.      The Hospital Defendants deny the allegations contained in paragraph 4 of the complaint.

       5.      The Hospital Defendants deny the allegations contained in paragraph 5 of the complaint.

NY:2374377v2

6. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7. The Hospital Defendants deny the allegations contained in paragraph 7 of the complaint, except admit that NYPH is licensed by the State of New York pursuant to Article 28 of the New York Public Health Law and that NYPH operates Columbia University Medical Center, Weill Cornell Medical Center, the Allen Pavilion, the Westchester Division, and Morgan Stanley Children's Hospital of New York Presbyterian Hospital, and further states that paragraph 7 sets forth a conclusion of law to which a response is not required.

8. The Hospital Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. The Hospital Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of to the allegations contained in paragraph 10 of the complaint.

11. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14. Paragraph 14 of the complaint sets forth a conclusion of law to which a response is not required.

15. Paragraph 15 of the complaint sets forth a conclusion of law to which a response is required.

16. Paragraph 16 of the complaint sets forth a conclusion of law to which a response is not required.

17. The Hospital Defendants state that paragraph 17 of the complaint sets forth a conclusion of law to which a response is not required, and further deny the allegations of fact set forth in such paragraph.

18. The Hospital Defendants deny the allegations contained in paragraph 18, except admit that this action was commenced within one year of May 14, 2007.

19. Paragraph 19 of the complaint sets forth a jury demand to which a response is not required.

20. The complaint does not contain a paragraph 20.

21. The complaint does not contain a paragraph 21.

22. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

24. The Hospital Defendants deny the allegations contained in paragraph 24.

25. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint.

26. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 26 of the complaint.

27. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint.

28. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint, except

admit that the area immediately in front of the hospital's main entrance was accessible to the public and that there were no signs prohibiting the public's presence in the area.

29. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint, except admit that there is a distance of at least ten yards between the public sidewalk and the stairs on the hospital's property, and the hospital building's main entrance, that there is a driveway on private property between the stairs and doorway, and that valet parking is available at or near the entrance.

30. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint, except admit that an individual named Saverio Costanza arrived at the hospital at some point during the day.

31. The Hospital Defendants deny the allegations contained in paragraph 31.

32. The Hospital Defendants deny the allegations contained in paragraph 32, except admit that Officer Palmer asked plaintiff to leave the hospital's property and plaintiff told Officer Palmer he was a member of the press.

33. The Hospital Defendants admit the allegations contained in paragraph 33.

34. The Hospital Defendants admit the allegations contained in paragraph 34.

35. The Hospital Defendants deny the allegations contained in paragraph 35, except admit that when plaintiff refused to leave and resisted a lawful arrest, certain Special Patrolmen Defendants seized plaintiff, put him in a semi-prone position on the stairway ledge, placed his arms behind his back and placed him in a mechanical restraint.

36. The Hospital Defendants deny the allegations contained in paragraph 36.

37. The Hospital Defendants deny the allegations contained in paragraph 37 except admit that two officers took plaintiff to the hospital's security office across the street from where he was arrested.

38. The Hospital Defendants deny the allegations contained in paragraph 38.

39. The Hospital Defendants deny the allegations contained in paragraph 39.

40. The Hospital Defendants deny the allegations contained in paragraph 40.

41. The Hospital Defendants admit the allegations contained in paragraph 41.

42. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint.

43. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint.

44. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint.

45. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint.

46. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

47. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint.

48. The Hospital Defendants deny the allegations contained in paragraph 48 insofar as the allegations concern the Hospital Defendants and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any other individual defendants.

49. The Hospital Defendants deny the allegations contained in paragraph 49.

50. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint.

51. The Hospital Defendants admit the allegations contained in paragraph 51 of the complaint.

52. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint.

53. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the complaint.

54. The Hospital Defendants deny the allegations contained in paragraph 54 of the complaint.

55. The Hospital Defendants deny the allegations contained in paragraph 55 of the complaint.

56. The Hospital Defendants deny the allegations contained in paragraph 56 of the complaint.

57. The Hospital Defendants deny the allegations contained in paragraph 57 of the complaint.

58. The Hospital Defendants deny the allegations contained in paragraph 58 of the complaint.

59. The Hospital Defendants state that paragraph 59 of the complaint sets forth a conclusion of law to which a response is not required.

60. The Hospital Defendants state that paragraph 60 of the complaint sets forth a conclusion of law to which a response is not required.

61. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the complaint

62. The Hospital Defendants state that paragraph 62 of the complaint sets forth a conclusion of law to which a response is not required, and deny that the Special Patrolmen defendants effected an unlawful arrest and prosecution.

63. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the complaint.

64. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the complaint.

65. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the complaint.

66. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the complaint.

67. The Hospital Defendants deny the allegations contained in paragraph 67 of the complaint, except admit that this action was commenced within one year and ninety days of May 14, 2007.

68. The Hospital Defendants reallege the foregoing in response to paragraph 68 of the complaint.

69. The Hospital Defendants state that paragraph 69 sets forth a conclusion of law to which a response is not required, and further deny the factual allegations contained in that paragraph.

70. The Hospital Defendants deny the allegations contained in paragraph 70 of the complaint.

71. The Hospital Defendants state that paragraph 71 sets forth a conclusion of law to which a response is not required and further deny the factual allegations contained in that paragraph.

72. The Hospital Defendants deny the allegations contained paragraph 72 of the complaint.

73. The Hospital Defendants reallege the foregoing in response to paragraph 73 of the complaint.

74. The Hospital Defendants deny the allegations contained in paragraph 74 of the complaint.

75. The Hospital Defendants deny the allegations contained in paragraph 75 of the complaint.

76. The Hospital Defendants state that paragraph 76 sets forth conclusions of law to which a response is not required, and further deny the factual allegations contained in that paragraph.

77. The Hospital Defendants deny the allegations contained in paragraph 77 of the complaint.

78. The Hospital Defendants reallege the foregoing in response to paragraph 78 of the complaint.

79. The Hospital Defendants deny the allegations contained in paragraph 79 of the complaint.

80. Paragraph 80 of the complaint sets forth a conclusion of law to which a response is not required.

81. Paragraph 81 of the complaint sets forth a conclusion of law to which a response is not required.

82. The Hospital Defendants deny the allegations contained in paragraph 82 of the complaint.

83. The Hospital Defendants reallege the forgoing in response to paragraph 83 of the complaint.

84. Paragraph 84 of the complaint sets forth a conclusion of law to which a response is not required.

85. The Hospital Defendants deny the allegations contained in paragraph 85 of the complaint.

86. The Hospital Defendants deny the allegations contained in paragraph 86 of the complaint.

87. The Hospital Defendants deny the allegations contained in paragraph 87 of the complaint.

88. Paragraph 88 of the complaint sets forth a conclusion of law to which a response is not required.

89. The Hospital Defendants reallege the foregoing in response to paragraph 89 of the complaint.

90. Paragraph 90 of the complaint sets forth a conclusion of law to which a response is not required.

91. Paragraph 91 of the complaint sets forth a conclusion of law to which a response is not required.

92. The Hospital Defendants deny the allegations contained in paragraph 92 of the complaint.

93. The Hospital Defendants deny the allegations contained in paragraph 93 of the complaint.

94. The Hospital Defendants deny the allegations contained in paragraph 94 of the complaint.

95. The Hospital Defendants deny the allegations contained in paragraph 95 of the complaint.

96. The Hospital Defendants reallege the foregoing in response to paragraph 96 of the complaint.

97. The Hospital Defendants deny the allegations contained in paragraph 97 of the complaint.

98. The Hospital Defendants deny the allegations contained in paragraph 98 of the complaint.

99. The Hospital Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the complaint.

100. The Hospital Defendants deny the allegations contained in paragraph 100 of the complaint.

101. The Hospital Defendants state that paragraph 101 of the complaint sets forth a conclusion of law to which a response is not required.

102. Paragraph 102 of the complaint sets forth a conclusion of law to which a response is not required.

103. The Hospital Defendants deny the allegations contained in paragraph 103 of the complaint.

## FIRST DEFENSE

104. Plaintiff's claims against the individual Hospital Defendants are barred by the doctrine of qualified immunity.

## SECOND DEFENSE

105. Plaintiff is not entitled to punitive damages against defendant NYPH, or against the individual Hospital Defendants for acts undertaken in their official capacity.

## THIRD DEFENSE

106. The Hospital Defendants have a complete defense of probable cause to plaintiff's false arrest, false imprisonment, assault and battery, and malicious prosecution claims.

**WHEREFORE** the Hospital Defendants demand judgment dismissing the complaint, awarding them the costs and disbursements of this action, and granting such other and further relief as the Court may deem just and proper.

New York, New York
January 25, 2008

EPSTEIN BECKER & GREEN, P.C.

By: _____
Kenneth J. Kelly
Michael Liberman
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
kkelly@ebglaw.com
mliberman@ebglaw.com
Attorneys for Defendants The New York and Presbyterian Hospital, Special Patrolman Sergeant Steven Rodriguez and Special Patrolman Arnold Palmer