UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERT KALFUS,

                                    Plaintiff,

-against-

THE NEW YORK AND PRESBYTERIAN HOSPITAL;
SPECIAL PATROLMAN SERGEANT STEVEN
RODRIGUEZ; SPECIAL PATROLMAN ARNOLD
PALMER; SPECIAL PATROLMEN JOHN DOES # 1-4;
THE CITY OF NEW YORK; LIEUTENANT EUGENE
WHYTE; NEW YORK CITY POLICE OFFICERS JOHN
DOES # 5-8,

                                                    Defendants.

**ANSWER**

07 CV 11455 (DAB)(DFE)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York and Lieutenant Eugene Whyte (hereinafter "City defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the Complaint.

        3.  Deny knowledge or information sufficient form a belief as to the truth of the allegations the allegations set forth in paragraph "3 of the Complaint.

        4.  Deny the allegations set forth in paragraph "4" of the Complaint.

        5.  Deny the allegations set forth in paragraph "5" of the Complaint.

        6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and further state that paragraph "11" sets forth conclusions of law to which a response is not required.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Eugene Whyte is employed by the City of New York as a police officer and holds the rank of Lieutenant.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, as they pertain to unidentified defendants.

14. Paragraph "14" of the Complaint contains conclusions of law to which no response is required.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that this action was commenced within one year of May 14, 2007.

19. Paragraph "19" of the Complaint sets forth a jury demand to which no response is required.

20. The Complaint does not contain a paragraph "20."

21. The Complaint does not contain a paragraph "21."

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Admit the allegation set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations contained in paragraph "50" of the Complaint, except admit that plaintiff received a Desk Appearance Ticket.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "51" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "52" of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "58" of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "59" of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "63" of the Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "64" of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "65" of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "66" of the Complaint.

67. Deny the allegation set forth in paragraph "67" of the Complaint, except admit that this action was commenced within one year and ninety days of May 14, 2007.

68. In response to the allegations set forth in paragraph "68" of the Complaint, City defendants repeat and reallege the responses set forth in paragraphs "1-68" inclusive of this answer, as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. In response to the allegations set forth in paragraph "73" of the Complaint, City defendants repeat and reallege the responses set forth in paragraphs "1-73" inclusive of this answer, as if fully set forth herein.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "76" of the Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint.

78. In response to the allegations set forth in paragraph "78" of the Complaint, City defendants repeat and reallege the responses set forth in paragraphs "1-78" inclusive of this answer, as if fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. In response to the allegations set forth in paragraph "83" of the Complaint, City defendants repeat and reallege the responses set forth in paragraphs "1-83" inclusive of this answer, as if fully set forth herein.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "84" of the Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "85" of the Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "86" of the Complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "87" of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "88" of the Complaint.

89. In response to the allegations set forth in paragraph "89" of the Complaint, City defendants repeat and reallege the responses set forth in paragraphs "1-89" inclusive of this answer, as if fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. In response to the allegations set forth in paragraph "96" of the Complaint, City defendants repeat and reallege the responses set forth in paragraphs "1-96" inclusive of this answer, as if fully set forth herein.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "97" of the Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "98" of the Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "99" of the Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "100" of the Complaint.

101. Deny the allegation set forth in paragraph "101" of the Complaint and further state that paragraph "101" sets forth a conclusion of law to which a response is not required.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "102" of the Complaint.

103. Deny the allegation set forth in paragraph "103" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

104. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

105.    At all times relevant to the acts alleged in the complaint, the duties and functions of defendants' officials are entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

106.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

107.    Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

108.    Any state law claims are barred for plaintiff's failure to comply with General Municipal Law §50-e and (i).

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

109.    There was probable cause for the plaintiff's arrest, detention and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

110.    Plaintiff provoked the incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

111.    Plaintiffs claims may be barred in part by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

112.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

113.   Defendant Whyte has not violated any clearly established constitutional or statutory right of which a reasonable person should have known and therefore are protected by qualified immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

114.   To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE:

115.   At all times relevant to the acts alleged in the complaint, defendant Whyte acted reasonably in the proper and lawful exercise of his discretion.

### AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

116.   Defendant Whyte was not personally involved in the allegations set forth in the Complaint.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          March 10, 2008

          MICHAEL A. CARDOZO
          Corporation Counsel of the
          City of New York
          Attorneys for Defendants City of New York,
          Lieutenant Eugene Whyte
          100 Church Street
          New York, New York 10007
          (212) 788-9580

        By: /s/ _____
           Afsaan Saleem
           Senior Counsel


TO: Mr. O. Andrew F. Wilson, (By ECF)
    Attorney for Plaintiff
    Emery Celli Brinckerhoff & Abady, LLP
    75 Rockefeller Plaza, 20th Floor
    New York, NY 10019

    Mr. Kenneth J. Kelly, (By ECF)
    Attorney for The New York and Presbyterian Hospital,
    Special Patrolman Sergeant Steven Rodriguez and
    Special Patrolman Arnold Palmer
    Epstein Becker & Green, P.C.
    250 Park Avenue
    New York, NY 10177

Index No. 07 CV 11455 (DAB)(DFE)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ROBERT KALFUS,<br><br>             Plaintiff,<br><br>       -against-<br><br>THE NEW YORK AND PRESBYTERIAN HOSPITAL; SPECIAL PATROLMAN SERGEANT STEVEN RODRIGUEZ; SPECIAL PATROLMAN ARNOLD PALMER; SPECIAL PATROLMEN JOHN DOES # 1-4; THE CITY OF NEW YORK; LIEUTENANT EUGENE WHYTE; NEW YORK CITY POLICE OFFICERS JOHN DOES # 5-8,<br><br>             Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br> *Attorney for Defendants*<br> *100 Church Street*<br> *New York, New York  10007*<br><br> *Of Counsel:  Afsaan Saleem*<br> *Tel:  (212) 788-9580*<br> *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y............................................, 2007..*<br><br>*................................................................... Esq.*<br><br>*Attorney for................................................................* |