

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/2008

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

Afsaan Saleem
*Senior Counsel*
Tel.: (212) 788-9580
Fax: (212) 788-9776

March 14, 2008

RECEIVED
MAR 14 2008
CHAMBERS OF
DEBORAH A. BATTS
U.S.D.J.

BY HAND DELIVERY
Honorable Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: <u>Robert Kalfus v. The New York and Presbyterian Hospital</u>,
          07 CV 11455 (DAB) (DFE)

*MEMO ENDORSED*

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and I represent the City of New York and an individually named defendant, Lieutenant Eugene Whyte ("City defendants"), in this federal civil rights lawsuit. I write to move to compel plaintiff to provide the City defendants with releases for his medical records. Plaintiff has refused to provide them without a Stipulation and Protective Order.

      Fed. R. Civ. P. Rule 26(c) contemplates the issuance of protective orders "for good cause shown" when "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." In this case, plaintiff alleges he suffered a variety of physical injuries, including a torn rotator cuff and a broken thumb, in the course of his arrest by New York and Presbyterian Special Patrolmen on May 14, 2007. Nevertheless, plaintiff has objected to providing an executed release for his medical records unless a protective order has been signed. The City defendants objected to the need for such a protective order as there was no indication that plaintiff had any psychiatric records. When informed by plaintiff, that plaintiff had, in fact, seen psychiatric providers, the City defendants agreed for the need of the protective order to cover those records and asked plaintiff to forward a proposed Stipulation.

      The "Stipulation and Protective Order" provided by plaintiff (annexed hereto as Exhibit "A"), however, was not limited to psychiatric records. Plaintiff sought the protective order to cover "any medical" records as well as "any personnel records of defendants." When the City defendants objected to the inclusion of these other records, plaintiff failed to cite any authority for the need to include these records at this time. Furthermore, as discovery has not yet begun

MICROFILMED MAR 2 0 2008 -12:00 PM

Returned to chambers for scanning on 3/20/08
Scanned by chambers on _____

and as the Court has yet to decide whether or not plaintiff is entitled to personnel records of defendants, it is premature to include them in a protective order. The City proposed deleting references to "medical" records and to "personnel records of defendants" but that proposal was not amenable to plaintiff. Instead, plaintiff sought to make the protective order overly broad by including "any records." Hence the need for court intervention.

Plaintiff has made no such showing of the sensitive nature of his records of treatment for physical injury. On the contrary, plaintiff has placed his claim that he suffered physical injuries in issue by explicitly including his alleged torn rotator cuff and broken thumb, in paragraph 35 of his Complaint--a public document available to anyone who wishes to read it. Thus, there appears to be little confidential information to protect; certainly, nothing specific has been referenced by plaintiff in support of his claim for protection. As plaintiff and the Court are no doubt aware, medical records are routinely produced by plaintiffs in cases alleging personal injury without recourse to a protective order. Accordingly, defendants respectfully request that plaintiff be ordered to promptly provide executed authorizations for his medical records to defense counsel and to sign the City defendants' proposed Stipulation and Protective order (annexed hereto as Exhibit "B") which is limited to plaintiff's psychiatric records.

*denied DAB 3/14/08*

**MEMO ENDORSED**

Thank you for your consideration in this regard.

Respectfully submitted,

Afsaan Saleem
Senior Counsel
Special Federal Litigation Division

cc: Via Fax
O. Andrew F. Wilson
Emery Celli Brinckerhoff & Abady, LLP
Attorneys for Plaintiff
(212) 763-5001

Kenneth J. Kelly
Epstein Becker & Green, P.C.
Attorneys for New York and Presbyterian Hospital
And Special Patrolmen Rodriguez and Palmer
(212) 661-0989

*The parties are to sign the Protective Order for both medical and psychiatric records. Plaintiff shall sign medical releases and provide to Defendants unredacted copies of both types of records.*

**SO ORDERED**

*Deborah A. Batts* 3/19/08
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

2