

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ROBERT KALFUS,

                                  Plaintiff,

          -against-

THE NEW YORK AND PRESBYTERIAN HOSPITAL;
SPECIAL PATROLMAN SERGEANT STEVEN
RODRIGUEZ, SPECIAL PATROLMAN ARNOLD
PALMER; SPECIAL PATROLMEN JOHN DOES # 1-4;
THE CITY OF NEW YORK; LIEUTENANT EUGENE
WHYTE; NEW YORK CITY POLICE OFFICERS JOHN
DOES #5-8,

                                  Defendants.

------------------------------------------------------------x

07 Civ. 11455

## STIPULATION AND PROTECTIVE ORDER

        WHEREAS, defendants have sought certain documents from plaintiff in this action, documents which plaintiff deems confidential, and

        WHEREAS, plaintiff will seek certain documents from defendants in discovery in this action, documents which defendants deem confidential, and

        WHEREAS, the parties object to the production of confidential documents unless appropriate protection for their confidentiality is assured,

        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for plaintiff and defendants as follows:

        1.     As used herein, "Confidential Materials" shall mean (i) any medical or psychiatric records for medical and/or psychiatric treatment of plaintiff, and the information contained therein, and any records provided by any medical or psychiatric provider pursuant to the releases requested by defendants for medical and/or psychiatric records.

2. If a party objects to the designation of particular documents as "Confidential Materials," that party shall state such objection in writing to the producing party, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the objecting party shall, within ten (10) days of making the objections, seek a court order approving such designation. Until and unless the Court rules otherwise, the document shall remain confidential and subject to this Protective Order.

3. Neither Defendants' attorneys nor Plaintiff's attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of their clients' cases in this action.

4. Neither party's attorneys shall disclose the Confidential Materials to any person not a member of the staff of the Office of the Corporation Counsel, or the firm of Emery Celli Brinckerhoff & Abady LLP, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of party's case in this action.

   b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by that party's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the disclosing party's attorneys and a copy shall be furnished to opposing counsel upon their request.

5. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential and the transcript of such

testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those pages containing Confidential Materials shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. Notwithstanding the provisions of this Stipulation and Protective Order, if a party, party's attorneys or anyone on a party's behalf ("party or party's representatives") make public material misrepresentations (outside of the proceedings of this matter), the substance of which concerns physical, psychiatric, emotional, or mental injuries to plaintiff allegedly caused by defendants, he party or party's attorney may move the Court for an order approving the disclosure of certain Confidential Material to the opposing party or party's representatives' misrepresentations. Such Confidential Material must be specific to the rebuttal of the misrepresentations.

8. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring

to information derived therefrom, shall be returned to the producing party's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the opposing party's attorneys.

        9.    Nothing in this Stipulation and Protective Order shall be construed to limit the producing party's use of the Confidential Materials in any manner.

Dated: March ___, 2008
       New York, New York

EMERY CELLI BRINCKERHOFF & ABADY LLP

By: _____
   Ilann Margalit Maazel
   Andrew F. Wilson
   75 Rockefeller Plaza, 20th Floor
   New York, NY 10019

*Attorneys for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York

By: _____
   Afsaan Saleem
   Assistant Corporation Counsel
   New York City Law Department
   100 Church Street
   New York, NY 10007

*Attorneys for Defendants City of New York and Lieutenant Eugene Whyte*

EPSTEIN BECKER & GREEN, P.C.

By: _____
   Kenneth J. Kelly
   Epstein Becker & Green, P.C.
   250 Park Avenue
   New York, NY 10177-1211

*Attorneys for Defendants New York and Presbyterian Hospital and Special Patrolmen Rodriguez and Palmer*

SO ORDERED:

_____
U.S.D.J.    4/10/08

4

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on December __, 2007 in the action entitled *Kalfus v. The New York and Presbyterian Hospital, et al.*, 07 Civ. 11455 and understands the terms thereof The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                             Signature

                                 _____
                                 Print Name

                                 _____
                                 Occupation