USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
ROBERT KALFUS,

                          Plaintiff,          07 Civ. 11455(DAB)(DFE)

                                              This is an ECF case

         - against -                          MEMORANDUM AND ORDER

THE NEW YORK AND PRESBYTERIAN HOSPITAL,
et al.,
                          Defendants.
------------------------------------------------x

DOUGLAS F. EATON, United States Magistrate Judge.

        On April 15, 2008, Judge Batts issued an Amended Order of
Reference to me for general pretrial supervision.  This means
that I will make decisions about the discovery phase of the
litigation, but any dispositive motions, such as motions pursuant
to Rule 12(b) or Rule 56, must be addressed to Judge Batts.

        I enclose a copy of my Standing Order for Discovery
Disputes.  The Standing Order sets out my rules for disputes
about discovery, including disputes about scheduling.

                          _____
                          DOUGLAS F. EATON
                          United States Magistrate Judge
                          500 Pearl Street, Room 1360
                          New York, New York 10007
                          Telephone: (212) 805-6175
                          Fax: (212) 805-6181


Dated:    New York, New York
          April 15, 2008

Copies of this Memorandum and Order (and of my Standing Order for
Discovery Disputes) will be sent by electronic filing to:

USDC SDNY
DATE SCANNED 4/15/08

Ilann M. Maazel, Esq.
O. Andrew F. Wilson, Esq.
Emery Celli Brinckerhoff
 & Abady, LLP
75 Rockefeller Plaza
20" Floor
New York, NY 10019

Kenneth J. Kelly, Esq.
Epstein, Becker & Green, P.C.
250 Park Avenue
New York, NY 10177

Afsaan Saleem, Esq.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007

Hon. Deborah A. Batts



UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1312

DOUGLAS F. EATON
UNITED STATES MAGISTRATE JUDGE

**Standing Order for Discovery Disputes in Cases
Assigned to Magistrate Judge Douglas F. Eaton**

¶1.    Conference requirement.  Rule 37(a)(2)(A and B), Fed. R. Civ. P., requires the attorneys to confer in good faith in an effort to resolve or narrow all discovery disputes before seeking judicial intervention.  "Confer" means to meet, in person or by telephone, and  make a genuine effort to resolve the dispute by determining, without regard to technical interpretation of the language of a request, (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention.   The exchange of letters between counsel stating  positions "for the record" shall not be deemed compliance with this requirement, or with Rule 37(a)(2)(A and B).    Failure to hold a good faith conference is ground for the award of attorney's fees and other sanctions.  28 U.S.C. §1927;  Apex Oil Co. v. Belcher Co., 855 F.2d 1009, 1019-20 (2d Cir. 1988).

¶2.   Depositions.

a.    No one may instruct a witness not to answer, except upon grounds of privilege, or as permitted by Rule 30(d)(1), Fed. R. Civ. P.   All other objections, including objections as to relevance, may be briefly stated on the record, but the question must be answered.

b.    If privilege is asserted, the person claiming privilege must answer the predicate questions necessary to establish the applicability of the privilege.  See Local Civil Rule 26.2.

c.    Disputes relating to privilege or procedure at a deposition, and applications to terminate or limit a deposition pursuant to Rule 30(d), may be brought to my attention by telephone conference (if I am available) without adjourning the deposition. (NOTE:   Telephone conferences are limited to disputes about a deposition taking place that very day.  Any other disputes must be submitted by joint letter; see below at ¶ 3.)  My telephone number is 212-805-6175.  The following procedures apply to such telephone conferences:

1

(1) All attorneys present at the deposition must participate in the telephone conference by speakerphone or extension telephone.

(2) Unless otherwise directed by me, the witness shall be out of the room during the argument of the issues raised.

(3) The reporter must be available to read the verbatim text of any matters in dispute, and shall record and transcribe the entire telephone conference as part of the record of the deposition.

(4) The parties' time to seek review pursuant to Rule 72(a), Fed. R. Civ. P. of any ruling made during a telephone conference shall commence to run on the date of receipt of the transcript.

¶3. **All other discovery disputes (including disputes about adjournments).**

a.    Local Civil Rule 37.2 speaks of a first request for an informal conference with the court; however, in discovery disputes before me (except for disputes about a deposition taking place that very day), you should not bother to request an informal conference. Instead, proceed as follows. Following compliance with ¶ 1, above, the parties must send me a single joint letter, signed by each person involved in the dispute (or his attorney) and giving the telephone number and fax number for each such person (or his attorney). If the joint letter concerns more than one issue, it is generally preferable to state the position of each party on the first issue before moving on to any second issue. The joint letter should be faxed to me at 212-805-6181, without any exhibits unless the exhibits total no more than 12 pages. In addition, the original of the joint letter (plus any exhibits) should be sent to me by regular mail. Do not send a copy via Electronic Case Filing; it is my practice to keep the joint letter in my chambers file, and not to place it on the docket. (I prefer to be able to review the letter quickly in fax form, even if I may have to wait for exhibits to arrive by mail.) The exhibits should not be bound to each other; each exhibit should be separate. The mailing should also enclose a courtesy copy of the joint letter (but not a courtesy copy of any exhibits). If you send your adversary a draft of your portion of a joint letter and he or she does not send you a responsive portion within 5 business days, you may send your portion to me (with another copy to your adversary, and an explanation of the circumstances). You must wait for the 5 days even if there are fewer than 5 business days before a discovery deadline.

2

b.    I will allow the following format to substitute for a "single joint letter," if all parties to a particular dispute agree to use this format:

(1)    a letter motion, maximum 8 pages, faxed to each party but not sent to me at this stage;

(2)    within two business days (or more if agreed) a letter from each party opposing the motion, maximum 10 pages to be faxed to each party;

(3)    within one business day (or more if agreed) a reply letter from movant, to be faxed to each party, maximum 2 pages to reply to each separate opposing letter.  All of these letters (plus any exhibits) to be sent to me by movant in a single package. (This package should also contain a courtesy copy of each letter, but not a courtesy copy of the exhibits.)  The exhibits should not be bound to each other.  Preferably, the movant should also send me the letters (without any exhibits) in a single fax transmission.

c.    Citation of case law is desirable.  It is usually unnecessary to recite the procedural history in detail.  It is usually unhelpful to include subjective matters such as opinions about the motives of your adversary.

d.    If interrogatories, document requests, or responses are in dispute, the joint letter must enclose the text of the specific items in dispute (and only those items).

e.    I will normally decide such disputes on the basis of the joint letter, with no oral argument.  If I want affidavits, briefs, or a conference, I will inform counsel.

f.    Submissions under ¶ 3 shall be deemed to be motions pursuant to Rule 37 and may provide the basis for me to award expenses and other sanctions.

g.    My requirement for a single joint letter applies also to non-parties.  If a party foresees that it may have a discovery dispute with a non-party, then it shall serve the non-party with a copy of this Standing Order.

_____
DOUGLAS F. EATON, U.S.M.J.

Revised as of 9/21/07

3