UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
ROBERT KALFUS,

                    Plaintiff,

          - against -

THE NEW YORK AND PRESBYTERIAN
HOSPITAL, et al.,

                    Defendants.
-----------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/08

07 Civ. 11455 (DAB)(DFE)

This is an ECF case

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

     I am responding to the attorneys' joint letter to me dated
August 12, 2008, which arrived just after I started a vacation.
The parties have postponed all depositions pending my ruling on
this discovery dispute.

     On May 14, 2007, plaintiff (a newspaper photographer) sat
outside the defendant Hospital hoping to take a photograph of the
manager of the New York Yankees.  The Hospital's Special
Patrolmen approached plaintiff, asked him to leave the premises,
and eventually arrested him and charged him with trespass and
resisting arrest.  Plaintiff's lawsuit alleges false arrest,
excessive force, and malicious prosecution.

     On May 27, 2008, plaintiff served 15 pages of responses to
defendants' discovery requests.  At page 3, plaintiff's counsel
wrote:

          DOCUMENT REQUEST NO. 1:  All documents concerning
     plaintiff's arrest and detention on May 14, 2007.

          ANSWER TO DOCUMENT REQUEST NO. 1:  Plaintiff
     objects to Document Request No. 1 on the grounds
     that it is vague, ambiguous and overbroad.  Plaintiff
     further objects to the disclosure of audio recordings
     of the arrest prior to Defendants' depositions on the
     grounds of undue prejudice.  ....

     On June 9, 2008, the Hospital produced to Plaintiff
soundless videotapes recorded by the Hospital's security system.
It appears to be undisputed that these videotapes show the
Special Patrolmen conversing with plaintiff, and then the arrest,

-1-

and then the escort to the Hospital's security center.

The Hospital's attorneys state that it was only in late July 2008 that they carefully read the May 27 response and realized that plaintiff possessed an audio recording.  (It turns out that plaintiff had a small audio recorder hanging around his neck.)  On July 31, they faxed a letter to plaintiff and said in part:

> ... Plaintiff may not validly object to producing documents on the ground of "undue prejudice."  ... Moreover, plaintiff ... may not use them to surprise defendants at their depositions.  ...
>
> We are not willing to proceed with any depositions until these documents and the [audio] recording are produced.

Plaintiff promptly responded:

> ... We will be happy to produce the audiotape immediately after the relevant officers have been deposed.  But we will not produce the tape before those depositions.  Our decision ... is ... an attempt to prevent your clients from conforming their sworn testimony to the tape. *See, e.g., Palisi v. Jewelewicz*, 1997 WL 282218 (S.D.N.Y. May 27, 1997) [Cote, J.]; *Boyce v. Allied Interstate*, 2005 WL 2160204 (W.D.N.Y. 2005) [actually E.D.N.Y., Wall, M.J.]; *Poppo v. Aon Risk Services, Inc.*, 2000 WL 1800746 (S.D.N.Y. Dec. 6, 2000) [Baer, J.] ....

In the August 12 joint letter, the defendants move for an order to compel production of the audiotape, and plaintiff cross-moves for a protective order to delay production until he has deposed the relevant officers.  Plaintiff cites additional cases, including my decision in *Bryant v. City of New York*, 2001 WL 476986 (S.D.N.Y. May 7, 2001).  More recently, however, Magistrate Judge Azrack criticized those cases as granting such a protective order without a real showing of the "good cause" required by Rule 26(c).  *Rofail v. United States*, 227 F.R.D. 53 (E.D.N.Y. 2005).  She refused to allow defendant to delay production of the reports made by a ship's officers of their interviews with Rofail and with other crew members who witnessed his accident.  In *Costa v. AFGO Mechanical Services, Inc.*, 237 F.R.D. 21 (E.D.N.Y. 2006), Magistrate Judge Pollak concurred with the reasoning of *Rofail*, and refused to allow Costa to delay

-2-

production of tape recordings made by Costa of her telephone conversations with defendants.  Judge Pollak pointed out that Rule 26(b)(3) specifically entitled the defendants to such tape recorded statements.  She also wrote that delay was particularly inappropriate in view of her finding that the tape recordings "have substantive, discoverable content that could be used to establish the truth of ... plaintiff's claims and defendants' defenses" concerning liability, unlike "surveillance videos that are often taken of the plaintiff ... in order to document the true nature of plaintiff's alleged injuries for purposes of impeachment ...."  *Costa*, 237 F.R.D. at 26 and n. 1.

In my view, *Costa* makes persuasive arguments and is squarely on point.  Moreover, in the case at bar, plaintiff's argument is inequitable because the Hospital did not delay producing the Hospital's soundless videotapes, and he has been able to review them before having to give deposition testimony.  I find that plaintiff has failed to show good cause for a protective order delaying production of his audiotape.  I direct him to produce, by September 10, 2008, a good copy of all audio recordings (and any video recordings) concerning his arrest and detention on May 14, 2007, and (if requested) to produce the original for inspection, re-copying, or testing.

Finally, I grant the August 28 joint request for the following revised schedule:

    Close of fact discovery: October 15, 2008.
    Exchange of expert reports: October 29, 2008.
    Exchange of rebuttal reports: December 1, 2008.
    Close of expert discovery: December 19, 2008.

DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181fax

Dated:    New York, New York
          September 5, 2008

Copies of this Memorandum and Order will be sent by electronic filing to:

Ilann M. Maazel, Esq.
O. Andrew F. Wilson, Esq.
Kenneth J. Kelly, Esq.
Michael Liberman, Esq.
Afsaan Saleem, Esq.
Hon. Deborah A. Batts